**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**PORSHIA BLAKNEY**                                                    **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.** __1:21cv387 LG-RHWR__

**LOWES HOME CENTERS, LLC**                                          **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Porshia Blakney, by and through counsel, Watson &

Norris, PLLC, and files this action to recover damages for violation of her rights for

retaliation in violation of Title VII and 42 U.S.C.§1981. In support of this cause, the

Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Porshia Blakney, is an adult female who resides in Harrison

County, Mississippi.

2.      Defendant, Lowes Home Centers, LLC, is a North Carolina limited liability

corporation that may be served with process through its registered agent: Corporation

Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction over the claims asserted

against the Defendant and venue is proper in this Court.

4.      Plaintiff timely filed her Charge of Discrimination with the EEOC on

September 21, 2021, a true and correct copy of which is attached as Exhibit "A." The

EEOC issued a Notice of Right to Sue on September 29, 2021, a true and correct copy

1

of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

4.     Plaintiff is a 32-year-old African American female resident of Harrison County, Mississippi.

5.     Plaintiff was hired on August 30, 2019, as a Cashier at Lowe's Home Centers, LLC.

6.     On July 8, 2021, Plaintiff was taking a break at work and eating a banana.

9.     Co-worker Darlous Hull (white female) saw Plaintiff and stated that Plaintiff "could do the monkey dance."

10.     This incident was observed by Supervisor Tammy Hull and co-worker Jane (LNU).

11.     Both Ms. Tammy Hull and Ms. Jane wrote statements describing the incident and submitted them to management.

12.     Plaintiff reported the incident to Supervisor Rose Hubbard.

13.     Ms. Hubbard instructed Plaintiff to write a statement describing the incident and she (Ms. Hubbard) would report the matter to Store Manager Kevin Tarant.

14.     On July 9, 2021, Plaintiff called Lowe's Associate Hotline and filed a complaint regarding the incident.

15.     Subsequently, on July 14, 2021, Plaintiff was called by Corporate Associate Hotline Representative Sarah Green.

16.     Ms. Green took Plaintiff's statement about the incident.

17.     On July 16, 2021, Ms. Darlous Hull was terminated.

18.     On July 21, 2021, Cashier Montica Joiner Ross informed Plaintiff that a rumor was going around that Plaintiff was suing Lowes related to the incident involving Darlous Hull.

19.     A few hours later, on that same date (July 21, 2021), before she was about to leave for the day, Assistant Manager Terrell McDaniels informed Plaintiff that District Manager Darrin Funchess wanted to speak with her.

20.     When she went to meet with Mr. Funchess, Plaintiff was met by an unknown Lowe's staff member, Barry LNU.

21.     Mr. Barry confronted Plaintiff with an allegation of "embezzlement" related to some shingles, and he terminated her.

22.     Although Plaintiff contends, she is innocent of this allegation, she is currently awaiting a trial in the matter and is legally represented by Attorney Toby Tatum.

23.     It appears evident that Lowe's management was concerned Plaintiff was pursuing legal action related to the episode of race discrimination she endured on July 8, 2021.

24.     Subsequently, the allegation of "embezzlement" is pretext for retaliation (i.e., in the form of a false accusation and termination) against Ms. Blakeney.

### CAUSE OF ACTION

### COUNT I: VIOLATION OF TITLE VII - RETALIATION

25.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 24 above as though specifically set forth herein.

26.     Plaintiff has been retaliated against by the Defendant in the terms and

3

conditions of her employment on the basis of her race, African American.

27.     Plaintiff has suffered an adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

28.     Plaintiff has been harmed as a result of the Defendant's retaliation, and the Defendant is liable to the Plaintiff for the same.

29.     The acts of the Defendant constitute a willful intentional violation of Title VII - Retaliation and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT II: VIOLATION OF 42 U.S.C § 1981 - RETALIATION

30.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 29 above as though specifically set forth herein.

31.     Plaintiff has been retaliated against by the Defendant in the terms and conditions of her employment on the basis of her race, African American.

33.     Plaintiff has suffered an adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

34.     Plaintiff has been harmed as a result of the Defendant's retaliation, and the Defendant is liable to the Plaintiff for the same.

35.     The acts of the Defendant constitute a willful intentional violation of 42 U.S.C § 1981 - Retaliation and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

4

to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 3rd day of December 2021.

Respectfully submitted,

PORSHIA BLAKNEY, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com